McGREGOR W. SCOTT
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2750


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BLANCA SIBRIAN, | ) | No. 2:06-cv-2252-GEB-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SETTLEMENT STIPULATION;** |
| v. | ) | **RELEASES; DISMISSAL WITH** |
| | ) | **PREJUDICE; AND PROPOSED ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

   Plaintiff Blanca Sibrian and defendant the United States of America agree to the following disposition of this case:

   1. The parties agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

   2. Defendant agrees to pay Plaintiff the total sum of sixteen thousand dollars ($16,000.00). This sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown,

1  foreseen and unforeseen bodily and personal injuries, damage to
2  property and the consequence thereof, resulting, and to result,
3  from the subject matter of this action, including any claims for
4  wrongful death, which Plaintiff or their guardians, heirs,
5  executors, administrators, or assigns, and each of them, now have
6  or may hereafter acquire against the United States and its
7  entities, agents, servants and present and former employees
8  (collectively, the United States).

9      3.  Plaintiff and her guardians, heirs, executors,
10 administrators or assigns hereby agree to accept the sum set
11 forth in paragraph 2 in full settlement and satisfaction of any
12 and all claims, demands, rights, and causes of action of
13 whatsoever kind and nature, including claims for wrongful death,
14 arising from, and by reason of, any and all known and unknown,
15 foreseen and unforeseen bodily and personal injuries, damage to
16 property and the consequences thereof which they may have or
17 hereafter acquire against the United States on account of the
18 same subject matter that gave rise to this action, including any
19 future claim or lawsuit of any kind or type whatsoever, whether
20 known or unknown, and whether for compensatory or exemplary
21 damages.  Plaintiff and her guardians, heirs, executors,
22 administrators, or assigns further agree to reimburse, indemnify
23 and hold harmless the United States from and against any and all
24 causes of action, claims, liens, rights, or subrogated or
25 contribution interests incident to, or resulting from further
26 litigation or the prosecution of claims arising from the subject
27 matter of this action.

28     4.  Plaintiff's undersigned attorney represents that he has

1  explained, and Plaintiff warrants and represents that she agrees
2  that this Stipulation shall release all existing and future
3  claims arising directly or indirectly from the acts or omissions
4  that gave rise to the above-captioned action, including claims
5  that are unknown and unforeseen, notwithstanding Section 1542 of
6  the Civil Code of the State of California, which provides as
7  follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing [this] Release, which if known by him or her, must have materially affected his or her settlement with the debtor.

12      5.  This Stipulation is not an admission of liability or
13 fault on the part of the United States and it is specifically
14 denied that it is liable to Plaintiff.  This settlement is
15 entered into by the parties for the purpose of compromising
16 disputed claims under the Federal Tort Claims Act and avoiding
17 the expenses and risks of further litigation.

18      6.  The parties agree that they will each bear their own
19 costs, fees, and expenses; that any attorney's fees owed by
20 Plaintiff will be paid out of the settlement amount and not in
21 addition thereto; and that all outstanding or future bills and
22 liens will be the Plaintiff's sole responsibility.  Title 28,
23 United States Code, Section 2678, states that attorney's fees for
24 services rendered in connection with this action shall not exceed
25 25 percent.

26      7.  Payment of the settlement amount will be made by check
27 payable to Plaintiff and her attorney, the Law Firm of Armando S.
28 Mendez, and Plaintiff's attorney agrees to distribute the

1 settlement proceeds to his client.

2     8.   The parties and their undersigned attorneys agree to
3 execute and deliver such other and further documents as may be
4 required to carry out the terms of this Agreement.

5     9.   Each person signing this Stipulation warrants and
6 represents that he or she possesses full authority to bind the
7 person[s] on whose behalf he or she is signing to the terms of
8 the Stipulation.  This Stipulation may be executed in
9 counterparts and circulated for signatures by facsimile
10 transmission.  All such counterparts, together, shall be deemed
11 one document.

12     10.   Each person signing this Stipulation warrants and
13 represents that no promises, inducements, or other agreements not
14 expressly contained herein have been made; that this Stipulation
15 contains the entire agreement between the parties; and that the
16 terms of this Stipulation are contractual and not mere recitals.
17 This Stipulation may not be altered, amended, modified, or
18 otherwise changed in any respect, except by a writing duly
19 executed by the party to be charged.  All prior oral
20 understandings, agreements, and writings are superseded by this
21 Stipulation and are of no force or effect.

22     11.   Each person executing this Stipulation represents that
23 he or she has read and understands its contents; that he or she
24 executes this Stipulation voluntarily; and that he or she has not
25 been influenced by any person acting on behalf of any party.

26     12.   The parties request that the Court enter an order
27 **DISMISSING** this case **WITH PREJUDICE** in its entirety.  The parties
28 further request that, notwithstanding the entry of a dismissal

1  herein, the Hon. Garland E. Burrell, Jr., Chief United States
2  District Judge, retain jurisdiction to enforce the terms of this
3  compromise settlement.
4
5
6  Date: _____                    _____
                                            BLANCA SIBRIAN
7                                           Plaintiff
8
                                            LAW FIRM OF ARMANDO S. MENDEZ
9
10
   Date: _____       By:         _____
11                                          ARMANDO S. MENDEZ
                                            Attorney for Plaintiff
12
13
                                            McGREGOR W. SCOTT
14                                          United States Attorney
15
16 Date: _____       By:_____
                                            KURT A. DIDIER
17                                          Assistant U.S. Attorney
                                            Attorneys for the United
18                                          States of America
19
20
21
22
23
24
25
26
27
28

5

|     |     |
| --- | --- |
| 1   |     |
| 2   | **ORDER** |
| 3   | Pursuant to the terms of the parties' Settlement Stipulation, above, and Fed. R. Civ. P. 41(a), this case is DISMISSED WITH PREJUDICE; however, the Court shall not retain jurisdiction in this action since the nature of the parties' settlement does not indicate retaining jurisdiction is necessary. Therefore the Clerk of Court shall close this action. |
| 9   | IT IS SO ORDERED. |
| 10  | Dated: March 20, 2008 |
| 12  | _____ |
| 13  | GARLAND E. BURRELL, JR.<br>Chief United States District Judge |